IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| In the Matter of: | CASE NO. 00-10936-SEK |
|---|---|
| **MIGUEL A. MENDEZ CORDOVA**<br>Debtor | CHAPTER 13 |
| **BANCO POPULAR DE PUERTO RICO**<br>Movant | |
| **MIGUEL A. MENDEZ CORDOVA**<br>Respondent | INDEX ____C____ |
| **ALEJANDRO OLIVERAS RIVERA, TRUSTEE** | |

### NOTICE OF MOTION FOR RELIEF OF STAY UNDER 11 USC 362

To the above named respondent(s):

You are hereby notified that on **JUL 1 4 2004** the above movant filed a Motion Seeking relief from the Automatic Stay under 11 U.S.C. §362.

Service of the motion and notice shall be made within three (3) days after issuance of the notice. A certificate of service must be filed forthwith, but not later than five (5) days after service is done. If the certificate of service is not timely filed, the Court may deny the motion for failure to give notice within three (3) days from issuance.

You must file an answer to the motion within eleven (11) days from the service of this notice, and serve such answer upon movant or his attorney, **YASMIN R. VÁZQUEZ, ESQ.** whose address is Banco Popular de Puerto Rico, PO Box 366818, San Juan, PR 00936, Tel. 753-7849. IF YOU FAIL TO TIMELY ANSWER AS SET FORTH HEREIN, AN ORDER MAY BE ENTERED AGAINST YOU GRANTING THE RELIEF REQUESTED BY THE MOVANT.

If a timely answer is filed, then **JUL 2 8 2004** at **2:00 pm** at the United States Bankruptcy Court, U.S. Post Office and Courthouse Bldg., **300 Recinto Sur, 3rd floor, Courtroom 3**, Old San Juan, PR, is fixed as the time and place for the hearing on such motion.

Date of Issuance: **JUL 1 4 2004**

**CELESTINO MATTA**
Clerk of Court

By: _____
Deputy Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In the Matter of:<br>**MIGUEL A. MENDEZ CORDOVA**<br>Debtor<br><br>**BANCO POPULAR DE PUERTO RICO**<br>Movant<br><br>**MIGUEL A. MENDEZ CORDOVA**<br>Respondent<br><br>**ALEJANDRO OLIVERAS RIVERA, TRUSTEE** | **CASE NO. 00-10936-SEK**<br><br>CHAPTER 13<br><br>INDEX _C_ |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**TO THE HONORABLE COURT:**

**BANCO POPULAR DE PUERTO RICO**, through the undersigned attorney, hereby alleges and respectfully represents to this Court as follows:

1. This is a contested matter governed by Rule 4001 of the Federal Rules of Bankruptcy Procedure, to obtain relief from the stay as provided under section 362(d) of Title 11 of the United States Code. This court has jurisdiction of this contested matter pursuant to 28 U.S.C. §1471, 11 U.S.C.§ 362, 363, and 552(b).

2. Above named debtor filed a voluntary petition under chapter 13 of Title 11 of the United States Code (11 U.S.C. §101, et seq.) on September 21, 2000.

3. Pursuant to the provisions of 11 U.S.C. §362 (a)(7), the filing of the petition by respondent operate as an automatic stay against movant's right as a creditor to proceed against respondent.

4. Debtor is the owner of certain real property described in the Spanish

language as follows:

> "---RUSTICA: Parcela marcada con el número doscientos once (211) en el plano de parcelación de la comunidad rural Miranda del Barrio Almirante Sur del término municipal de Vega Baja, con cabida superficial de Seiscientos Noventa y Cinco punto cincuenta y un (695.51) Metros Cuadrados.-------
>
> ---En lindes por el NORTE con predio de Autoridad de Tierras, por el Sur, con calle de la comunidad. Por el ESTE, con parcela número doscientos diez (210) de la comunidad y por el OESTE, con la parcela doscientos doce (212) de la comunidad. ------------------------------------------------------------
>
> --Enclava estructura de concreto para fines residenciales.----"

5. On or about April 19, 1996 for value received, debtor and movant duly executed a promissory note for the amount of $54,000.00 with interest at the annual rate of 8.375% and other credits. Attached herewith and made a part hereof as **Exhibit A**, we have included copy of the Promissory Note.

6. To guarantee the respondent's obligation under the above mentioned note, debtor subscribed a mortgage in the amount of $54,000.00 upon the real property described under paragraph number four (4). It was subscribed on April 19, 1996, before Notary Public Onofre Santiago Quiles, deed number seventy-four (74). Copy of the mortgage contract is hereby enclosed and made a part of this motion as **Exhibit B**.

7. Movant Banco Popular de Puerto Rico is the holder in due course of the above described note.

8. Respondent has default his obligation with movant in that he has failed to comply with the terms and conditions of the mortgage, having, as of July 8, 2004, arrearage in the amount of $4,089.40. Statement of the account is included herewith as **Exhibit C**.

9. Debtor's failure to comply with one (1) pre-petition partial payment and three (3) post-petition consecutive monthly installments of the loan constitutes unreasonable delay that has been prejudicial to creditor herein.

10. Continuation of the automatic stay of 11 U.S.C. §362(a) will entail in real harm to movant and will deprive movant of adequate protection to which it is entitled pursuant to 11 U.S.C. §362 and §363.

11. Section 362 (d)(1) provides that upon request of a party in interest and after motion and a hearing, the court shall grant relief form stay, such as terminating, annulling, modifying or conditioning such stay for cause. Debtor's failure to comply with payments to secured creditor Banco Popular de Puerto Rico constitutes sufficient cause under section 362 (d)(1) to entitle movant the motion for relief from stay.

**WHEREFORE**, movant very respectfully requests from this Honorable Court that an order be entered granting the relief from the automatic stay, allowing the appearing secured creditor to commence or continue with the appropriate state collections proceedings against the property at bar.

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico, this 8th day of July, 2004.

Case No. 00-10936-SEK
Motion for Relief from Automatic Stay                                                    Page 4

## CERTIFICATE OF SERVICE

I hereby certify that on this same date a true and exact copy of the foregoing motion together with the summons issued have been served by certified mail to **MIGUEL A. MENDEZ CORDOVA**, debtor, PO Box 4276, Vega Baja, Puerto Rico 00694; to **JAIME RODRIGUEZ RODRIGUEZ, ESQ.**, attorney for debtor, PO Box 2477, Vega Baja, Puerto Rico 00694; and to **ALEJANDRO OLIVERAS RIVERA**, Chapter 7 Trustee, PO Box 9024062, San Juan, PR 00902-4062.

In San Juan, Puerto Rico, this 8th day of July, 2004.

*[signature]*

YASMIN R. VÁZQUEZ, ESQ.
U.S.C.D. 217603
Attorney for Banco Popular de Puerto Rico
Consumer Bankruptcy Department
PO Box 366818
San Juan, Puerto Rico 00936-6818
Tel. (787) 753-7849
Fax (787) 751-7927

## PAGARE HIPOTECARIO

---VALOR: $54,000.00   VENCIMIENTO: PRESENTACION

---POR VALOR RECIBIDO, debemos y pagaremos solidariamente al **BANCO POPULAR DE PUERTO RICO**, sucesores o cesionarios, o a su orden, a la Presentación, en moneda de curso legal de los Estados Unidos de América la suma principal de CINCUENTA Y CUATRO MIL DOLARES ($54,000.00), cuya cantidad devengará intereses al OCHO PUNTO TRES SETENTA Y CINCO (8.375%) porciento anual y al mismo tipo en caso de mora, pagaderos dichos intereses por mensualidades vencidas en el sitio que designe el acreedor, sin previo requerimiento de pago.

---AUTORIZAMOS expresamente al **BANCO POPULAR DE PUERTO RICO**, a aplicar el pago de este pagaré cualquier suma de dinero en depósito de cualesquiera de los suscribientes de este pagaré, entendiéndose que el ejercicio de este derecho o la falta de ejercitarlo, no alterará ni modificará la obligación aquí contraída.

---RENUNCIAMOS a todo derecho de presentación, protesto, requerimiento de pago y aviso de no haber sido honrado este pagaré, así mismo renunciamos a las leyes sobre prescripción que pueda favorecernos.

---NOS OBLIGAMOS solidariamente a pagar las costas, gastos y honorarios de abogado incurridos por el tenedor de este pagaré en el caso de reclamación judicial o extrajudicial, fijando con tal fin la suma líquida y exigible de CINCO MIL CUATROCIENTOS DOLARES ($5,400.00).

---EL PAGO de esta obligación está garantizado por hipoteca constituida según la escritura número SETENTA Y CUATRO (74) --- ------------------ otorgada en esta misma fecha, ante el Notario Público **ONOFRE SANTIAGO QUILES**. En dicha escritura se establecen las condiciones de la hipoteca y se hace referencia a la cuantía, responsabilidades y obligaciones de los deudores, así como a los derechos del tenedor del pagaré.

---En Vega Alta, Puerto Rico, a __19__ de __abril__ de 1996.

_____   _____
MIGUEL ANGEL MENDEZ CORDOVA   ALEIDA RODRIGUEZ COLON

---AFFIDAVIT NUMERO: __32,368__

---SUSCRITO Y RECONOCIDO ANTE MI por DON **MIGUEL ANGEL MENDEZ CORDOVA** Y DOÑA **ALEIDA RODRIGUEZ COLON** mayores de edad, casados entre sí, propietarios y vecinos de Vega Baja, Puerto Rico, y a quienes DOY FE de conocer personalmente en Vega Alta, Puerto Rico, a __19__ de __abril__ de 1996.

_____
NOTARIO PUBLICO



EXHIBIT B

CERTIFICO: Que en esta misma fecha he expedido primera copia certificada a Banco Popular de P.R.

NOTARIO PUBLICO





---NUMERO SETENTA Y CUATRO (74)--------
---------- HIPOTECA EN GARANTIA DE PAGARE ----------
---En Vega Alta, Puerto Rico, a los diez y nueve(19) días del mes de abril ------- de Mil Novecientos Noventa y Seis. ----------------------------------
---------------------- ANTE MI ----------------------
---ONOFRE SANTIAGO QUILES, Abogado y Notario Público de esta Isla de Puerto Rico, con residencia y oficina abierta en la ciudad de Bayamón, Puerto Rico. ----------------------------------------
---------------------- COMPARECEN --------------------
---DE UNA PARTE, en lo adelante denominado "LOS DEUDORES HIPOTECARIOS": DON MIGUEL ANGEL MENDEZ CORDOVA, (Seguro Social Número 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), y DOÑA ALEIDA RODRIGUEZ COLON, (Seguro Social Número 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), mayores de edad, casados entre sí, propietarios y vecinos de Vega Baja, Puerto Rico.--
---DE LA OTRA PARTE, en lo adelante denominado "EL BANCO": BANCO POPULAR DE PUERTO RICO, (Seguro Social Número 66-0175278), una corporación bancaria doméstica con oficina principal en Hato Rey, San Juan, Puerto Rico, representada en este acto por su Oficial DOÑA JOSEFINA BELTRAN MEDINA, (Seguro Social Número 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), mayor de edad, soltera, ejecutiva y vecina de Bayamón, Puerto Rico, facultades que acreditará cuando y donde sea necesario. ----------------------------------

1

---El uso plural en esta escritura se entenderá que es singular cuando comparezca una sola persona. --

-------------------- DOY FE --------------------

---Del conocimiento personal de los comparecientes y por sus dichos de sus demás circunstancias personales. Me asegura(n) tener, y a mi juicio tiene(n), la capacidad legal necesaria para este otorgamiento, y en tal virtud libremente: ------

-------------------- EXPONEN --------------------

---PRIMERO: Los "DEUDORES HIPOTECARIOS" son dueños en pleno dominio de la siguiente propiedad: --------

---RUSTICA: Parcela marcada con el número doscientos once (211) en el plano de parcelación de la comunidad rural Miranda del Barrio Almirante Sur del término municipal de Vega Baja, con cabida superficial de Seiscientos Noventa y Cinco Punto Cincuenta y Un (695.51) Metros Cuadrados.-----------

---En lindes por el NORTE con predio de Autoridad de Tierras, por el SUR, con calle de la comunidad. Por el ESTE, con parcela número doscientos diez (210) de la comunidad y por el OESTE, con la parcela doscientos doce (212) de la comunidad. ----

---Enclava estructura de concreto para fines residenciales. --------------------------------

---Consta inscrita al folio número ciento veinte (120) del tomo número doscientos cuarenta y seis (246) de Vega Baja, finca número diez y seis mil trescientos sesenta y tres (16,363); inscripción segunda. --------------------------------

---Adquirieron "LOS DEUDORES HIPOTECARIOS", la antes descrita propiedad por compra según escritura número cuatrocientos sesenta y nueve (469) otorgada en San Juan, Puerto Rico el tres (3) de septiembre de mil novecientos noventa y uno (1991) ante la Notario Gloria B. Aquino Aponte. --------------------

---Dicha propiedad esta afecta por su procedencia a servidumbres y condiciones restrictivas y por sí a Hipoteca en Garantía de Pagaré por la suma de Treinta y Dos Mil Dólares ($32,000.00) con intereses al nueve y tres octavo (9 3/8 %) anual,



vencimiento el uno (1) de octubre del dos mil uno (2001), según consta de la escritura número cuatrocientos setenta (470) otorgada en San Juan Puerto Rico el tres (3) de septiembre de mil novecientos noventa y uno (1991) ante la Notario Gloria B. Aquino Aponte. ------

---SEGUNDO: Manifiestan los "DEUDORES HIPOTECARIOS" que en la misma fecha del otorgamiento de esta escritura han expedido un pagaré, de carácter hipotecario, el cual ha sido entregado al "BANCO" en garantía de un préstamo personal que transcrito literalmente lee como sigue: ------

------ PAGARE HIPOTECARIO ------

---VALOR: $54,000.00   VENCIMIENTO: PRESENTACION

---POR VALOR RECIBIDO, debemos y pagaremos solidariamente al BANCO POPULAR DE PUERTO RICO, sucesores o cesionarios, o a su orden a la Presentación en moneda de curso legal de los Estados Unidos de América la suma principal de CINCUENTA Y CUATRO MIL DOLARES ($54,000.00), cuya cantidad devengará intereses al OCHO PUNTO TRES SETENTA Y CINCO (8.375%) porciento anual y al mismo tipo en caso de mora, pagaderos dichos intereses por mensualidades vencidas en el sitio que designe el acreedor, sin previo requerimiento de pago.------

---AUTORIZAMOS expresamente al BANCO POPULAR DE PUERTO RICO, a aplicar al pago de este pagaré cualquier suma de dinero en depósito de cualesquiera de los suscribientes de este pagaré, entendiéndose que el ejercicio de este derecho o la falta de ejercitarlo, no alterará ni modificará la obligación aquí contraída. ------

---RENUNCIAMOS a todo el derecho de presentación, protesto, requerimiento de pago y aviso de no haber sido honrado este pagaré, así mismo renunciamos a las leyes sobre prescripción que pueda favorecernos.------



---NOS OBLIGAMOS solidariamente a pagar las costas, gastos y honorarios de abogado incurridos por el tenedor de este pagaré en el caso de reclamación judicial o extrajudicial, fijando con tal fin la suma líquida y exigible de CINCO MIL CUATROCIENTOS DOLARES ($5,400.00). ------

---EL PAGO de esta obligación está garantizado por hipoteca constituida según la escritura número SETENTA Y CUATRO (74) ------ otorgada en esta misma fecha, ante el Notario Público ONOFRE SANTIAGO QUILES. En dicha escritura se establecen las condiciones de la hipoteca y se hace referencia a la cuantía, responsabilidad y obligaciones de los deudores, así como a los derechos del tenedor del pagaré. ------

---En Vega Alta, Puerto Rico, a 19 de abril ---- de 1996. ------

---(FIRMADO:) MIGUEL ANGEL MENDEZ CORDOVA, ALEIDA RODRIGUEZ COLON. ------

---AFFIDAVIT NUMERO: 32,368 ------



---SUSCRITO Y RECONOCIDO ANTE MI por DON MIGUEL ANGEL MENDEZ CORDOVA Y DOÑA ALEIDA RODRIGUEZ COLON mayores de edad, casados entre sí, propietarios y vecinos de Vega Baja, Puerto Rico, y a quienes DOY FE de conocer personalmente en Vega Alta, Puerto Rico, a 19 - de abril -------- de 1996.--------

---(FIRMADO:) ONOFRE SANTIAGO QUILES, Notario Público. ------

---Tiene estampado el sello del Notario Autorizante. ------



---CERTIFICO, que la transcripción que procede en copia fiel y exacta del original del pagaré que he tenido a la vista y al cual me remito. ------

---TERCERO: Para garantizar a el "BANCO" o al tenedor del Pagaré anteriormente relacionado, el pago del importe de la obligación emitida de CINCO MIL CUATROCIENTOS DOLARES ($5,400.00), para costas, gastos y honorarios de abogado, además para

garantizar el fiel cumplimiento de las cláusulas y condiciones que se consignan en esta escritura los deudores hipotecarios constituyen hipoteca sobre el (los) inmueble (s) en el hecho PRIMERO de esta escritura. ----------------------------------------
---CUARTO: Para fines de cumplir con lo dispuesto en el Artículo Ciento Setentinueve de la Ley Hipotecaria y para estos fines únicamente se valora la propiedad en la suma de CINCUENTA Y CUATRO MIL DOLARES ($54,000.00), renunciando los deudores a todo nuevo avalúo o acción para conseguirlo. ------
---QUINTO: Esta hipoteca se extiende a todas las edificaciones, instalaciones y mejoras que existan en la propiedad hipotecada o que se le incorporen en lo futuro, ya fueran realizadas por sus actuales dueños por futuros adquirientes de la propiedad hipotecada; también a los frutos, rentas vencidas y objetos muebles que se coloquen permanentemente en la finca.---------------------------------------
---SEXTO: Los "DEUDORES HIPOTECARIOS" mantendrán las edificaciones sobre la finca hipotecada, si las hubieran, aseguradas contra los riesgos de incendio, huracán y terremoto, por su valor razonable en el mercado, bajo pólizas que contendrán los endosos y condiciones que se requieran para que, en caso de siniestro, la indemnización sea pagadera a el "BANCO" o tenedor por endoso del pagaré hipotecario; que los seguros se mantendrán en compañías aseguradoras aceptables a el BANCO" o tenedor por endoso de esta obligación garantizada; que los "DEUDORES HIPOTECARIOS" pagarán puntualmente las primas de los seguros y mantendrán las edificaciones hipotecadas en buenas




5

condiciones de uso y reparación y harán a las mismas aquellas reparaciones para su buena conservación que el "BANCO" o tenedor por endoso de la obligación garantizada razonablemente requiera.
---SEPTIMO: Si la propiedad hipotecada fuese embargada y dicho embargo no fuese levantado dentro de los diez (10) días subsiguientes a la traba del mismo; si la propiedad hipotecada fuera embargada en ejecución de setencia por cualquier acción judicial que se promueva contra los deudores; el apremio del inmueble hipotecado para el cobro de contribuciones; la adjudicación por ellos de una petición de quiebra voluntaria; o la radicación en contra de ellos de un procedimiento de quiebra involuntaria; si se viesen en cualquier procedimiento de arreglo (Arrangement) con sus acreedores; falta de pago de las primas de seguros contra incendio, terremoto y huracán sobre la (s) estructura (s) que enclavan (n) sobre la finca hipotecada, si las hubiesen; el incumplimiento por los deudores de cualquiera de sus obligaciones o de cualquiera de las cláusulas, términos o condiciones de esta escritura o del pagaré en cuya garantía se constituye esta hipoteca; darán derecho a el "BANCO" o tenedor por endoso del pagaré hipotecario antes transcrito, a su opción, a declarar vencida la totalidad de la deuda y a proceder a su cobro total por la vía que estimare conveniente, así como ejecutar la hipoteca que aquí se constituye. -----
---OCTAVO: Los "DEUDORES HIPOTECARIOS" se comprometen a pagar puntualmente las contribuciones impuestas o que en el futuro se impusieren sobre la propiedad aquí hipotecada. -----------------------



---NOVENO: Los "DEUDORES HIPOTECARIOS" se obligan a subsanar inmediamente cualquier defecto que surja en los libros del Registro de la Propiedad relacionado con la inscripción de la hipoteca aquí constituída y garantizan que la propiedad hipotecada no tiene más cargas ni gravámenes que los que expresamente se relacionan en esta escritura. -------------------------------------

---DECIMO: Se comprometen, además, los "DEUDORES HIPOTECARIOS" a pagar los intereses al tipo convenido en mensualidades vencidas, conviniendo expresamente que la falta de pago de dos mensualidades consecutivas de principal y/o intereses dará derecho a el "BANCO" o tenedor del pagaré a declarar vencida la deuda y a proceder a la ejecución de la hipoteca, si así lo estimare conveniente. -----------------------------------



---UNDECIMO: Manifiestan los "DEUDORES HIPOTECARIOS" que en caso de surgir expropiación queda por la presente irrevocablemente cedido a favor de el "BANCO" o tenedor por endoso del pagaré hasta la cantidad necesaria para satisfacer el balance de principal y los intereses hasta entonces adeudados en relación con la deuda hipotecaria, pero sin perjuicio al derecho de acreedores preferentes, siendo por cuenta y cargo de los deudores los gastos en que incurra el tenedor del pagaré por tal expropiación forzosa. -----------

---DUODECIMO: Los gastos que se incurran para el otorgamiento de la presente escritura, los de su inscripción en el Registro correspondiente y los de su cancelación en su día, serán por cuenta y cargo de los "DEUDORES HIPOTECARIOS". --------------------



---DECIMOTERCERO: El "BANCO" o tenedor por endoso del pagaré hipotecario aquí transcrito tendrá el derecho de pagar, a su opción, en cualquier fecha, el importe de cualesquiera contribuciones que se impusieran sobre la propiedad hipotecada y que estuviesen pendientes de pago, así como cualquier otro gasto o desembolso que conforme a los términos de la presente escritura corresponda efectuar a los "DEUDORES HIPOTECARIOS". Cualquier suma así pagada por el "BANCO" o tenedor del pagaré se considerará vencida y exigible inmediatamente, devengando intereses al mismo tipo estipulado en el pagaré hipotecario desde la fecha en que el tenedor incurra en la misma y hasta su total y completa devolución por los "DEUDORES HIPOTECARIOS". El derecho aquí concedido a el "BANCO" o tenedor del pagaré, su ejercicio o falta de ejercitarlo, no altera o modifica las obligaciones de los "DEUDORES HIPOTECARIOS" bajo la presente escritura, ni los exonera del cumplimiento de sus obligaciones, ni afecta ni modifica el derecho de el "BANCO" o tenedor a ejercitar los derechos o remedios concedidos bajo el presente instrumento. --------

---DECIMOCUARTO: El incumplimiento por parte de los "DEUDORES HIPOTECARIOS" de cualquiera de los términos, concedidos o estipulaciones de cualquiera de los contratos de hipoteca preferentes a ésta producirá el vencimiento automático de la hipoteca aquí constituída. ------------------------------

---DECIMOQUINTO: Por último, manifiestan los "DEUDORES HIPOTECARIOS" que en la eventualidad de que el pagaré que aquí hipotecariamente se garantiza fuese cedido, se dé en prenda, o en




8

cualquier otra forma se negocie o entregue para garantizar cualquier otra deuda u obligación de los "DEUDORES HIPOTECARIOS", o de cualquier otra persona natural o jurídica, su tenedor podrá, en caso de incumplimiento de la obligación así garantizada, a su opción, declarar esta deuda vencida, proceder a su cobro y ejecutar la hipoteca aquí constituida, pudiéndose valer de todos los otros derechos, remedios, poderes o privilegios que se disponen en esta escritura o que en derecho tenga, sin que venga obligado a ejecutar en primer término dicha prenda o gravamen, con la misma amplitud, en la misma forma y con los mismos derechos cual si el pagaré hipotecario aquí transcrito le hubiese sido cedido o negociado directamente, y no en garantía colateral de dicha otra obligación o deuda. ---------------------------
---DECIMOSEXTO: La tasa de interés asegurada por esta hipoteca en la indicada en el pagaré emitido o la tasa de interés, prevaleciente en el mercado y autorizada por la Ley o Reglamentos de Puerto Rico a la fecha en que, de cualquier manera, se negocie el pagaré. ---------------------------
------------ ACEPTACION Y OTORGAMIENTO -------------
---Los comparecientes aceptan esta escritura en la forma en que está redactada por ser conforme a sus deseos luego de Yo, el Notario, hacerles las advertencias legales pertinentes. ---------------
---Así lo dicen y otorgan ante mí los comparecientes, renunciando al derecho que les hice saber tenían de testigos instrumentales. ----------
---Leída esta escritura por los otorgantes, la firman conmigo, estampando además sus iniciales en



.9

todo y cada uno de los folios de esta escritura.---
---Y de mi conocimiento personal de los otorgantes y por sus dichos, de sus circunstancias personales y vecindad, así como de todo lo demás consignado en este Instrumento Público, Yo, el Notario, DOY FE.





EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| In the matter of: | CASE NO. 00-10936-SEK |
|---|---|
| **MIGUEL A. MENDEZ CORDOVA** | CHAPTER 13 |
| Debtor | |

## STATEMENT OF INSTALLMENTS DUE; COST AND ATTORNEY'S FEE OWED ON LOAN WITH MORTGAGE GUARANTEE

LOAN NUMBER **101-001-1151485-0003** AS OF **07/08/04**

### A. PRE-PETITION

| | | | | | |
|---|---|---|---|---|---|
| - | Monthly installments of | $ --- | due | $ | --- |
| - | Late charges due of | $ --- | due | $ | --- |
| 1 | Partially payment of | $ 871.27 | due | $ | 174.12 |

**Total Pre-Petition Installments and Late Charges Due**       $       **174.12**

### B. POST-PETITION

| | | | | | |
|---|---|---|---|---|---|
| 3 | Monthly installments of | $ 1,045.39 | due | $ | 3,136.17 |
| 3 | Late charges due of | $ 52.27 | due | $ | 156.81 |
| 1 | Partially payment of | $ 573.09 | due | $ | 472.30 |

**Total Post-Petition Installment and Late Charges Due**       $       **3,765.28**

### C. COST AND LEGAL FEES       $       **150.00**

**TOTAL INSTALLMENTS DUE, COSTS AND LEGAL FEES**       $       **4,089.40**

### DECLARATION

I, **Mirna J. Santiago**, as Supervisor for the Workout Unit of Banco Popular de Puerto Rico, declare under penalty or perjury under de laws of the United States, that the foregoing is true and correct.

In San Juan, Puerto Rico, this 8th day of July 2004.

Mirna J. Santiago